BENJAMIN B. WAGNER
United States Attorney
KEVIN P. ROONEY
ELANA S. LANDAU
Assistant United States Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, CA 93721
Telephone: (559) 447-4000

THOMAS E. PEREZ
Assistant Attorney General
BENJAMIN J. HAWK
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 514-3204

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>CHRISTOPHER COLEMAN,<br>PAUL VAN DALEN,<br>SEAN PLYMALE, and<br>MICHAEL MANFREDI,<br><br>                Defendants. | CR. No. 1:10-cr-417-AWI<br><br>GOVERNMENT'S REPLY TO<br>DEFENDANT'S SUPPLEMENTAL<br>RESPONSE TO GOVERNMENT'S MOTION<br>TO DISQUALIFY DEFENSE COUNSEL |

The United States of America, by and through its undersigned counsel, hereby replies to Defendant Christopher Coleman's supplemental response to the government's motion to disqualify defense counsel. On February 1, 2011, Defendant Sean Plymale filed a near identical supplemental response (Doc. 30) to which

the government replied (Doc. 31).  Because the issues are the same, the government asks the Court to allow it to adopt by reference its reply to Plymale (Doc. 31) as though fully set forth herein. The government addresses below the unique points raised by Coleman in his supplemental response.

I.   ARGUMENT

The interests of Coleman and Van Dalen are adverse and create actual and serious potential for conflict that require disqualification.  The government's case against the defendants involves interlocking proof, and the defendants witnessed each other's criminal conduct.  If one of the defendants testifies, the government believes that he will inculpate the other defendant.  It is thus unclear, for example, how counsel could advise Coleman to testify or how he could cross-examine Van Dalen, while maintaining his duties of loyalty and confidentiality to Van Dalen.

Furthermore, while the government appreciates the work counsel put into his representation of Coleman during Coleman's reinstatement hearing, it can hardly be said that it took him five years to learn the facts of the case and prepare an adequate defense.  The allegations in the Indictment, although serious, are relatively straightforward and involve a single incident of excessive force.  A new attorney would be able to review the discovery and prepare an adequate defense in a timely manner at no disadvantage to Coleman.

The Court need only look to Coleman's co-defendant, Paul Van Dalen, who was also represented by Coleman's counsel during his

reinstatement hearing. Coleman's counsel declined to represent Van Dalen during these criminal proceedings, an acknowledgment of the conflicts at issue and an apparent effort to avoid disqualification. As a result, Van Dalen obtained a new attorney. The fact that Van Dalen is no longer being represented by Coleman's counsel does not mean that he is facing an unfair trial. Similarly, if the Court requires Coleman to obtain a new attorney he also will not face an unfair trial.

Furthermore, the fact that counsel believes that the defendants' interests were not adverse during their reinstatement hearings has no bearing on the issue before the Court. The defendants did not have a Sixth Amendment right to a fair trial, effective representation, or conflict-free counsel during their reinstatement hearings. The defendants also did not face the prospect of significant imprisonment, which can easily change the dynamic between the defendants and their potential defenses, leading to conflicts that were not previously evident.

Finally, the Court should refuse to accept the defendants' waivers because they were not knowingly and intelligently made. In United States v. Brock, 501 F.3d 762, 772 (6th Cir. 2007), the Sixth Circuit determined that a defendant's waiver of conflict-free counsel was not knowing and intelligent because the defendant expressly stated that he was "unaware of any conflict of interest" and that he did "not feel that any of those things [discussed at the hearing] presented a conflict for [his attorney." The Sixth Circuit explained that "[a]bsent an understanding of the dangers posed by [multiple represenation], [the defendant] could not waive his right to effective,

3

| | |
|---|---|
| 1 | conflict-free representation." Id. at 772-73.  Similarly, |
| 2 | counsel informed Defendant Coleman by letter that he "does not |
| 3 | anticipate that this situation will adversely affect [his] |
| 4 | representation of [Coleman]," and informed Defendant Van Dalen by |
| 5 | letter that "no actual conflict exists at this time."  Although |
| 6 | counsel advised both defendants of some of the serious potential |
| 7 | conflicts at trial, the aforementioned language makes it unclear |
| 8 | as to whether the defendants fully appreciate the risks and |
| 9 | dangers associated with waiving the conflict. |
| 10 | |
| 11 | Respectfully submitted, |
| 12 | BENJAMIN B. WAGNER          THOMAS E. PEREZ |
|    | United States Attorney     Assistant Attorney General |
| 13 | |
|    | By: /s/ Kevin P. Rooney    By: /s/ Benjamin J. Hawk |
| 14 | KEVIN P. ROONEY                Benjamin J. Hawk |
|    | Assistant U.S. Attorney        Trial Attorney |
| 15 | |
|    | /s/ Elana S. Landau |
| 16 | ELANA S. LANDAU |
|    | Assistant U.S. Attorney |

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | I hereby certify that on February 2, 2011, a copy of the |
| 3 | foregoing pleading was filed electronically.  Notice of this |
| 4 | filing will be sent by operation of the Court's electronic filing |
| 5 | system to all parties indicated on the electronic filing receipt. |
| 6 | Parties may access this filing through the Court's system. |
| 7 | |
| 8 | Respectfully submitted, |
| 9 | <u>/s/ Benjamin J. Hawk</u><br>BENJAMIN J. HAWK |
| 10 | Trial Attorney |